# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT L. JOHNSTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10-CV-1775-SNLJ |
| FUGITIVE FELON COMMITTEE, DEPARTMENT OF VETERANS AFFAIRS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert Johnston for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action for violation of his 5th and 14th Amendment rights. Plaintiff claims that the Fugitive Felon Committee of the Department of Veterans Affairs denied him benefits under the Fugitive Felon Act, because its records erroneously showed that he had outstanding warrants. Plaintiff claims that the warrants were not outstanding because the cases were closed by nolle prosequi. Plaintiff alleges that he demonstrated this fact to the VA, but his benefits were still denied for a period of time. Plaintiff states that ultimately his benefits were restored by the administrative appeals process.[1]

---

[1] The Court notes that plaintiff's allegations are virtually identical to those he asserted in Johnston v. Department of Veterans Affairs, No. 4:10-CV-1357-SNLJ (E.D. Mo.). This Court dismissed that action on August 16, 2010, after finding that

**Discussion**

Because defendant is a federal agency, the Court will liberally construe plaintiff's claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). The United States as a sovereign may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Any governmental waiver of immunity must be expressed unequivocally. United States v. Mitchell, 445 U.S. 535, 538 (1980). Moreover, federal district courts are without jurisdiction to review VA benefits determinations. 38 U.S.C. § 511(a). Section 511(a) provides:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.

Id. Section 511(a) does "not exclude claims which are based upon the Constitution." Hicks v. Veterans Affairs, 961 F.2d 1367, 1369 (8th Cir. 1992). "The statute includes *all claims, whatever their bases*, as long as the claim is 'necessary to a

---

the allegations were legally frivolous and/or failed to state a claim upon which relief could be granted.

decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" Id. (quoting § 511(a)) (emphasis added).

In the instant action, plaintiff is challenging a decision of the VA concerning his benefits. As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  5th   day of October, 2010.

/s/ Stephen N. Limbaugh, Jr.
_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE